EAST TEXAS FIRE INSURANCE COMPANY v. J. V. FLIPPEN.

No. 40.

1. **Fire Insurance.**—Flippen obtained from appellant a policy of fire insurance for $2500, which permitted insurance in the additional amount of $2500 to be effected on the property, and provided that the policy should become void " if the assured have or shall hereafter obtain any other policy or agreement for insurance, whether valid or not, on the property, or any part thereof." Other insurance, aggregating $15,500, existed on the property when appellant's policy was issued. No waiver of the provisions of appellant's policy as to additional insurance being shown, *held*, the policy never took effect.

2. **Same — Cancellation of Policy.** — Unless a policy of fire insurance contains a provision for a cancellation at the option of the company, it has no power to cancel by notice and tender of the unearned premium. If a policy contains such provision, a cancellation is ineffectual without notice to the beneficiary under the terms of the policy.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*Whitaker & Bonner*, for appellant.—1. The court erred in refusing special charge number 1 asked by the defendant, to the effect that the jury should find for the defendant, because a material condition of the

policy had been violated, in that the uncontroverted evidence showed that the insured had valid and existing insurance on the ·property in a much larger amount than permitted by the terms of the policy here sued ·on.

2. The provision that previous or subsequent insurance over and above that permitted by the terms of the policy shall discharge the insurer from liability happening when such overinsurance exists, is universally recognized as a valid one, and upheld without reluctance as a fair and just provision for a reasonable and proper purpose; and that is to provide more effectually against the negligence or fraud of the insured. Ins. Co. Blum, 76 Texas, 653; Parks v. Ins. Co., 19 Ins. Law Jour., 364; May on Ins., secs. 364, 447–452; 2 Wood on Ins., 770, 1122, 1123; Ins. Co. v. Copeland, 19 Ins. Law Jour., 961; Carpenter v. Ins Co., 16 Pet., 49.

3. The court erred in its charge to the jury, in failing to define, as matter of law under the facts of the case, what constituted a cancellation of a policy of insurance, but left the question of cancellation to be determined by the jury without any instruction whatever. The judge "shall decide and instruct the jury as to the law arising on the facts." Rev. Stats., art. 1317.

*Todd & Hudgins*, for appellee.—1. Other insurance, not upon the same property and the same interest in the property, is not within the inhibition of the provision of the policy in relation to additional insurance. 2 Wood on Fire Ins., secs. 375, 377, 402, 405; Howard Co. v. Scribner, 5 Hill, 298.

2. Policies previously existing, which had been cancelled prior to the issuance of the policy sued on, do not constitute double or overinsurance.

3. Cancellation is effected by notice to the assured and payment or tender to him of the amount of unearned premium; and the policies complained of by appellant had been so cancelled before the application for an issuance of the policy here sued on. 1 Wood on Fire Ins., sec. 113, and cases cited.

4. Whether or not these policies had been cancelled was a question of fact, and was properly submitted to the jury; and the verdict is amply supported by the evidence upon that issue.

LIGHTFOOT, Chief Justice.—In this case there are a number of assignments of error and many points raised in a voluminous transcript of nearly two hundred pages; but from the view we take of the case it will only be necessary to consider a few of them.

The suit was brought by M. V. Flippen on a policy of fire insurance for $2500. The plaintiff died pending the suit, and his widow and only heir, J. V. Flippen, became plaintiff. One of the defenses set up by the de-

fendant company was, that the assured, at the time the policy was issued, already held additional insurance beyond the amount permitted by the policy, without notice to or consent of the defendant.

The fourth assignment of error is as follows: "The court erred in refusing special charge number 1 asked by the defendant, to the effect, that the jury should find for the defendant, because a material condition of the policy had been violated, in that the uncontroverted evidence showed that the insured had valid and existing insurance on the property in a much larger amount than permitted by the terms of the policy here sued on, and reference is made to said special charge as a part of this assignment."

With this will also be considered the eighth assignment of error: "The verdict of the jury is contrary to the law and the evidence, in that the evidence shows that defendant company's policy provided that it should be void if there was more than $2500 additional insurance on said building, or more than $5000 total insurance; defendant company's policy being for $2500, and the evidence further showing that there was more than $2500 additional insurance, valid and existing and uncollected at the time of the fire, by reason of which this defendant is not liable."

The charge asked was as follows: "The evidence in this case shows, that by the terms of the policy sued on it was provided that the same should become void, unless consent in writing is endorsed by the company thereon, if the assured shall have or shall hereafter obtain any other policy or agreement for insurance, whether valid or not, on the property insured, or any part thereof. It further shows, that the policy sued on permitted additional insurance to the amount of $2500, or a total insurance of $5000; and the evidence further shows, that there was more than $2500 additional insurance, or more than $5000 total insurance; therefore a material condition of said policy has been violated, and you must find for the defendant."

Do the facts of this case show or tend to show that at the time the policy sued on in the case was issued the other policies had been cancelled? The evidence was as follows: The policy issued by defendant company was for $2500, and permitted an additional amount of $2500 of insurance to be effected on the property; and it contained a provision that the policy should become void, "if the assured have or shall hereafter obtain any other policy or ageeement for insurance, whether valid or not, on the property * * * or any part thereof."

M. V. Flippen, in his proof of loss, which was introduced by plaintiff, stated under oath that he had $7500 other insurance in addition to the sum insured by this company. He attaches to his proof of loss a schedule showing a total insurance over and above the sum of this company's policy of $15,500, this amount being on a double store house, the south half of which was covered by the policy sued on herein; that three of the policies

were made payable to Lehman, Abram & Co., as their interest may appear, to secure a mortgage debt; and four of them payable to Meyer & Aronson, or order, as their interest may appear. It was shown that Parks et al., trustees of the Mechanics Bank of St. Louis, holding the policies by transfer from Meyer & Aronson, who held them through M. V. Flippen, the insured, had sued after the fire and recovered judgments on policies covering the same property, against the following companies and for the amounts named: Hartford Fire Insurance Company for $2522.40; Citizens Fire Insurance Company for $560.31; Hanover Fire Insurance Company for $1121.02; Connecticut Fire Insurance Company for $840.80; Home Fire Insurance Company for $1681.60; Phœnix Fire Insurance Company for $1680.53.

These same policies were sued on by Flippen in the District Court of Bowie County, Texas, after the fire, and the suits were compromised by a payment to him of 20 per cent of their face.

Other policies which were held by Lehman, Abram & Co. had been sued on by the latter, and a recovery defeated. C. E. Beard, a witness for plaintiff, testified, that he was an insurance agent in Texarkana, and represented all the companies holding policies on Flippen's property, except the East Texas Fire Insurance Company. That on the 19th of February, 1885, he, under instruction from his companies, went to Flippen to cancel the policies. That Flippen told him that the policies were held as shown in the proofs of loss, and declined to receive the unearned premiums, but directed him to send them to the parties holding the policies, who were entitled to them. That witness remitted by mail drafts to the parties mentioned for the policies held by each of them. That the draft sent to Lehman, Abram & Co. was received by them and paid. That that sent to Meyer & Aronson was received by them, but returned to witness uncollected and unpaid, with the information that under the circumstances, *inasmuch as the fire had occurred*, they could not accept it. That defendant company's policy was issued on the day that Beard, as agent for the other insurance companies, had the above conversation with M. V. Flippen, and Hagey, the agent, was told that all other insurance had been cancelled.

The petition alleges, that the fire occurred on February 21, 1885. The policies on the property largely exceed the sum of additional insurance permitted by the policy sued on.

Whether the above charge, in the strong language in which it was presented, should have been given, it is not necessary now to determine; but it was certainly sufficient to call the attention of the court to the facts upon the points indicated, and we think the court should have presented to the jury a proper charge upon the question.

The facts before us, as shown by the evidence, do not indicate that the policies upon the property at the time the policy sued on was issued, ag-

gregating $15,500, had been cancelled. These policies had been made payable to Lehman, Abram & Co. and Meyer & Aronson, to secure debts of the assured, with full notice to the companies, who had no authority or power to cancel them without notice to the beneficiaries. These policies were not in evidence, and we can not tell whether there was or was not a *clause* providing for a cancellation at the option of the companies. Unless there was such a clause, they had no power to cancel by notice and tender of the unearned premiums. 1 May on Ins., sec. 67. If there was such a clause, they could not cancel without notice and tender of the unearned premiums to the legal owners and holders of the policies. 1 May on Ins., sec. 67c; Lattan v. Ins. Co., 45 N. J., 453. In no event could it be claimed, under the facts presented to us, that the policies had been cancelled at the time this policy was issued.

The uncontroverted evidence, and admissions of the assured in his proofs of loss, show that at the time this policy was issued there were other policies upon the property for largely more than was allowed in the appellant's policy, and its agent was told that they were cancelled. There was no waiver shown of the conditions upon which it was issued, and under the facts, as disclosed in the record, that policy never took effect. Ins. Co. v. Blum, 76 Texas, 653; 2 May on Ins., sec. 364.

This question was fully presented below on motion for new trial, which should have been granted.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 11, 1893.