S. B. LEE AND R. L. GODWIN v. NEW HAMPSHIRE INSURANCE COMPANY.

(Filed 29 March, 1911.)

Insurance, Fire—Cancellation—Substitution—Mortgagor and Mortgagee—"Loss Payable" Clause—Estoppel—Equity.

The defendants, three fire insurance companies, issued several policies on a mortgaged premises with the usual loss clause, payable to the mortgagee. One of them solicited, through its agent, a policy in substitution of the three policies, and issued a policy accordingly, claiming through its general agent the premiums therefor. In this policy there was no clause with loss payable to the mortgagee, and it appears that he was not aware of the change of policies until after the property was destroyed by fire and the insurance due. The other companies were notified, and canceled their policies, sending them to the mortgagor, requesting a return of the canceled policies, which were not returned be-

cause of their being in possession of mortgagee. In an action by the mortgagor and mortgagee against the three companies to recover the insurance due by the loss by fire of the premises: *Held,* (1) the insurance company issuing the substituted policy and the mortgagor are estopped by their conduct to deny the cancellation of the three original policies and the substitution of the later one in lieu thereof; (2) the release of the three original policies was only binding between the parties to the agreement, and not upon the mortgagee; (3) the mortgagee is entitled to judgment for one-third part of his debt against each of the three original policies, to be canceled upon payment of his loss out of the substituted policy.

APPEAL by defendants from *Cook, J.,* at November Term, 1910, of HARNETT.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*Godwin & Townsend, E. F. Young, and J. C. Clifford for plaintiff.*

*Aycock & Winston for defendants.*

CLARK, C. J. Plaintiff Lee owned a hotel at Dunn which was under mortgage to his coplaintiff, Godwin. Best was agent for each of the three defendant insurance companies. He insured the hotel, in August, 1909, in the Shawnee Insurance Company, for $1,000; in the Royal Insurance Company, for $1,000; and in the New Hampshire Insurance Company, for $1,000. The premiums on these policies were paid by Lee and the policies were delivered to Godwin, mortgagee. They contained a provision: "Any loss that may be ascertained and proven to be due the assured under his policy shall be held payable to R. L. Godwin, trustee, as interest may appear."

On 14 October, 1909, at the instance of Strudwick, the special agent of the Shawnee Insurance Company, who came to Dunn and offered that his company would carry the entire $3,000, a policy for that amount was issued by the Shawnee Insurance Company, and Best notified the Royal Insurance Company and the New Hampshire Insurance Company that they had been relieved of all liability upon their respective

policies, which had been canceled, and that the entire $3,000 insurance had been taken over by the Shawnee Insurance Company. Best also wrote to Lee, who was in Georgia, inclosing him this new policy in the Shawnee Insurance Company for $3,000, stating that the change would save Lee $5 and requesting him to return the three policies of $1,000 each. Lee admits receiving the new policy and the letter and made no objection, though he did not return the three policies as requested. On the same day that Best wrote Lee he also notified the general agents of the Shawnee Insurance Company that he had canceled the three $1,000 policies mentioned above and had issued in lieu thereof a new policy in the Shawnee Insurance Company for $3,000. They received this letter and reinsured the entire risk of $3,000 in four other companies, retaining a profit for the Shawnee Insurance Company on the transaction. On 27 November, 1909, the hotel was burned. On 6 January, 1910, the general agents of the Shawnee Insurance Company wrote to Best claiming the premium on the $3,000 policy. At the time of the fire Lee had retained possession of the $3,000 policy for a month and 13 days without having made any objection. The $3,000 policy contained no clause making the loss payable to Godwin, as his loss might appear, and Godwin had no notice of the substitution of the $3,000 policy for the three $1,000 policies which had remained in his possession, a fact which doubtless accounts for their not being returned to Best by Lee on receipt of the new policy for $3,000.

There is neither allegation nor proof that calls in question the entire good faith of all the parties to this transaction. Upon the above facts it is clear, without requiring the citation of authorities, that both the Shawnee Insurance Company and the plaintiff Lee are estopped and concluded by their conduct and acts to deny the cancellation of the three original policies of $1,000 each issued in August, 1909, and the validity of the substitution of the $3,000 Shawnee policy in lieu thereof. The plaintiff Lee is therefore entitled to judgment against the Shawnee Insurance Company alone, which is liable to said

Lee in the sum of $3,000 according to the terms of the last policy issued by it. The Shawnee Insurance Company wanted all the business, and it has got it.

As to the plaintiff Godwin, it is admitted that the realty after the destruction of the hotel is sufficient to pay off his mortgage, so in no event does he run the risk of any loss. But we are of opinion that, if he so desires, he is entitled to have judgment entered up for one-third part of his debt against each of the three original policies, to be canceled, however, by payment to him of the amount of his loss, which Lee is adjudged to make to him out of the recovery on the $3,000 policy held by Lee against the Shawnee Insurance Company. Godwin is entitled to this because the release of the Royal Insurance Company and the New Hampshire Insurance Company was made without his knowledge and assent, and is only binding between the parties thereto, to wit, the plaintiff Lee and the Shawnee Insurance Company.

As thus modified, the judgment of the court below will be Affirmed.