JOYNER AND LONG *v.* SCOTTISH FIRE INSURANCE COMPANY.

(Filed 17 May, 1911.)

**Insurance—Fire—Cancellation of Policy—Delivery After Damage— Nonsuit—Parties to New Action.**

Insured and defendant's agent agreed that the former should lapse a fire insurance policy on his store and goods, and that the same should be reissued in another company in its exact reproduction, excepting the change of the insured to a partnership which had been formed; but the policy as delivered did not have this agreed change, and of this the insured wrote the agent with request for correction. The agent then wrote, canceling this policy and enclosed a policy in a different company of the same tenor and amount, which was received by the insured on a day

following a loss by fire. *Held*, (1) An action for damages against the defendant which issued the policy and delivered it after the fire was properly nonsuited; (2) the judgment of nonsuit will not prevent the joinder of defendant in another action against the company canceling the policy, the latter of which would seem to be liable on the record now presented.

APPEAL from *Biggs, J.,* at the January Term, 1911, of MECK-LENBURG.

The plaintiff, Joyner, held a policy of insurance on his store and goods in the Atlantic Fire Insurance Company. W. A. Stone, agent for the Virginia State Insurance Company, asked him to take instead a policy in that company, which he agreed to do, telling said agent to make out the policy exactly like the other, merely changing the name to Long & Joyner, as he had sold a half interest in the business to Long. By mistake Stone sent the policy made out, as before, in the name of Joyner alone. This policy took effect 22 September, 1908. On discovery of said mistake, Joyner notified Stone to make the correction. On 24 October Stone, who was also agent for the Scottish Fire Insurance Company, mailed a letter to Joyner telling him that he was directed by the Virginia State Insurance Company to cancel the policy, as they did not wish to carry insurance upon country property, and enclosing a policy of the same tenor and amount in the Scottish Fire Insurance Company. This letter, with policy enclosed, was put in the mail, addressed to Joyner, on Saturday, 24 October, 1908, and was received by him on Monday morning following. In the interval, late Saturday night, the property was destroyed by fire. The policy of the Virginia State Company contained no provision that it could not be canceled without giving notice of five days to the insured.

There was a judgment of nonsuit, from which the plaintiff appealed.

*L. T. Hartsell and J. F. Newell for plaintiff.*
*C. W. Tillett, Jr., and J. F. Flowers for defendant.*

PER CURIAM. The judgment of nonsuit is affirmed. An examination of the record indicates that the Virginia State Insurance Company is liable to the plaintiffs, but we refrain from

expressing an opinion in regard thereto until it has the opportunity of being heard.

It is clear that the plaintiffs cannot recover on both policies, but equally clear, upon the evidence before us, that one of the insurance companies should be required to pay.

The judgment of nonsuit will not prevent the joinder of the defendant in this action with the Virginia State Insurance Company in a new action, as was done in *Lee v. Ins. Co.,* at this term.　　　　　　　　　　　　　　　　　　　　　　　Affirmed.