### HALL v. MILLER et al. (No. 8556.)*

(Court of Civil Appeals of Texas. Galveston. Nov. 26, 1924. Rehearing Denied Jan. 8, 1925.)

1. Insurance ⟨⟩229(1)—Insurer held not entitled to cancel policy as against insured without notice.

Insurer could not cancel policy as against insured, who paid in full therefor in advance, without notice to her, but could do so as against mortgagee, named loss-payee, after notice to it and its agreement to cancellation and acceptance of substituted policy in another company.

2. Insurance ⟨⟩607—Insurer not subrogated to mortgagee's rights against insured, in absence of express stipulation.

Payment of amount of policy insuring mortgagor, as where taken out by him for his own benefit, or payable to mortgagee as his interest may appear, or by mortgagee in mortgagor's interest, and at his expense, is for mortgagor's benefit, in satisfaction pro tanto of mortgage debt, and insurer is not subrogated to mortgagee's rights against mortgagor, in absence of express stipulation, though notes and mortgage are assigned to it in consideration of payment to mortgagee.

3. Insurance ⟨⟩607—Insurer paying mortgagee held not subrogated to latter's rights against insured by attempted assignment of notes and mortgage.

Insured's notes in mortgagee's hands, being extinguished to extent of insurer's payment to mortgagee, were not assignable to insurer, which therefore was not subrogated to mortgagee's rights against insured by attempted assignment, though made only on condition that if insurer, in lieu of whose policy mortgagee accepted assignee's policy, were found liable to insured, mortgagee should repurchase them from assignee.

4. Insurance ⟨⟩392(1)—Insurer not offering to return premium paid by mortgagee on policy accepted by latter, in lieu of policy cancelled only as to him, held liable to insured and mortgagee.

Policy of insurer, remitting portion of consideration applicable beyond date of cancellation, *held* canceled and retired on such date

as to mortgagee having notice thereof; and another company's policy accepted in lieu of that canceled by mortgagee, in effect in favor of both mortgagor and mortgagee at time of loss, though original insurer might also be liable to insured not notified of cancellation, where substituted insurer, with full knowledge of all facts, received and kept, without offering to return, whole year's premium paid by mortgagee from rebate on original policy.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Lucille Miller against the California Insurance Company, in which Vernor Hall, as trustee of the Standard Automotive Company, bankrupt, intervened. From judgment for plaintiff and intervener in amounts unsatisfactory to latter, he appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and Hobert Price and Thomas, Frank, Milam & Touchstone, all of Dallas, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, and Woods, King & John, of Houston, for appellees.

GRAVES, J. Lucille Miller sued the California Insurance Company on its policy for $950 insuring her Studebaker car against fire, alleging its destruction by fire while the policy was in force, its value at that time to have been in excess of the $950, that she gave the insurance company due notice of the loss, but that it had denied liability and refused to pay on the claim of a cancellation of the policy, of which it had never before given her any notice, and seeking to recover the full $950, together with the statutory penalty of 12 per cent. for delay, attorney's fees, and costs.

The defendant insurance company answered with a plea of agreed settlement of the claim between plaintiff and itself for $600, and, in the alternative, averred that if no settlement had been affected a cancellation of the policy had been accomplished by its duly giving five days' notice to that effect prior to the fire—a privilege it had under one of the policy's provisions—and, further, that the policy sued on contained a loss payable clause in favor of the Standard Automotive Company, which held a mortgage indebtedness on the car against plaintiff on her unpaid purchase-money notes amounting to $650; that this corporation was then in bankruptcy with Vernor Hall as trustee, whom it asked to be made a party, asserting that the policy it had issued to plaintiff was intended to and did cover only such an amount as represented the difference between her indebtedness to her mortgagee, the Standard Automotive Company, and the face of the policy, $950; that, if the policy was

not in fact canceled prior to the fire, the plaintiff could in no event recover more than the difference thus specified.

Plaintiff Miller then denied that the $600 settlement had ever been consummated, charging that, while she had at one time agreed to settle for that amount, the negotiations had fallen through because of the insurance company's demand that she obtain a release from the Standard Automotive Company of any claim it might have in the matter, which she neither could nor would do. She also admitted the execution of the purchase-money notes and her failure to pay those in suit, but in that connection set up that Vernor Hall, trustee for her mortgagee, notwithstanding the loss payable clause in the latter's favor, was not entitled to recover anything on the $950 policy of the defendant company, because his concern had agreed with defendant to a cancellation of that policy, had accepted in lieu thereof another policy issued by the Franklin Fire Insurance Company for $550, and after the fire had been paid thereon the face value of $550.

The further contentions of Vernor Hall, trustee, who had come into the cause, and of the defendant California Company, are thus set out severally by them in their briefs filed in this court:

"The appellant herein, Vernor Hall, trustee in bankruptcy for the Standard Automotive Company of Texas, intervened in the suit and alleged the purchase by the plaintiff, Lucille Miller, of the car from the Standard Automotive Company of Texas; the execution of certain promissory notes secured by chattel mortgage on the car in part payment therefor; the issuance of the defendant's policy with a loss payable clause to it; the failure of the plaintiff, Lucille Miller, to pay notes Nos. 6, 7, 8, 9, 10, 11, and 12, for the principal sum of $80 each, and the placing of these notes in the hands of its attorney for collection; the notification of the Standard Automotive Company by the local agent of defendant that the policy written by defendant had been canceled and new one written by them in the Franklin Fire Insurance Company; the loss of the car; a denial of liability on the part of the Franklin Fire Insurance Company upon the ground that the policy of defendant California Insurance Company was still in force, and an agreement with the Franklin Fire Insurance Company by which the notes and mortgage referred to were assigned to the Franklin Insurance Company for the sum of five hundred and fifty ($550) dollars, upon condition that should investigation show that the California Insurance Company was liable upon its policy, that the Standard Automotive Company would pay over to the Franklin Fire Insurance Company the sum of five hundred and fifty ($550) dollars; that pursuant to the agreement, the Standard Automotive Company assigned to the Franklin Fire Insurance Company the notes and mortgage in question, and received the payment of five hundred and fifty ($550) dollars; that the Standard Automotive Company executed a bond con-

ditioned that if it should be determined that the California Insurance Company was liable for the loss of the car under its policy, that such amount recovered from California Insurance Company up to five hundred and fifty ($550) dollars should be repaid to the Franklin Fire Insurance Company upon reassignment of the notes and mortgage; that after the institution of the suit by the plaintiff against the California Insurance Company the notes and mortgage were all reassigned to the Standard Automotive Company for a valuable consideration, in pursuance of the understanding of the parties, and that Vernor Hall, as trustee, was the legal and equitable holder and owner of the notes and mortgage and entitled to receive payment thereon from the plaintiff and from the California Insurance Company. Intervener therefore prayed that he have judgment upon the notes, principal and interest, and attorney's fees, and that he recover of the California Insurance Company the amount of his debt, prior to the payment of any sum to the plaintiff Lucille Miller.

"The California Insurance Company, by supplemental answer pleaded, as against the plaintiff and intervener, the following facts: That, about October 13, 1921, Lucille Johnson, the plaintiff, purchased from the Houston office of the Standard Automotive Company of Texas a secondhand Studebaker automobile, paying part cash, and giving notes for the balance. The seller required that she take out insurance for the protection of its debt. She left to the seller the handling of this insurance, paying the premium for the same to the seller. The Standard Automotive Company of Texas applied to the local agent of defendant for such insurance, and defendant issued a policy, describing the automobile, naming plaintiff as the assured, and the Standard Automotive Company of Texas as loss payee. Thereafter it desired to cancel said policy and communicated this desire to its local agent, who had issued the same. The policy provided that it might be canceled on five days notice. The agents on receipt of this request for cancelling, communicated the same to the Standard Automotive Company, agents for the plaintiff, and this concern agreed to the cancellation and agreed that the unearned premium on this defendant's policy was $17.50, and agreed that this sum might be applied as premium on a policy in the Franklin Insurance Company for $550, upon which the premium was $17.50, which said policy was to take the place of defendant's policy canceled as aforesaid. The Franklin policy was, in fact, immediately issued and insured against fire and theft of the same automobile described in defendant's policy, the Franklin policy naming the plaintiff as assured and the Standard Automotive Company of Texas as loss payee. This policy was delivered to the Standard Automotive Company and accepted.

"The loss occurred during the term of the Franklin policy from one of the perils insured under that policy, and thereafter the Franklin Company paid to the Standard Automotive Company of Texas the amount of its policy, namely, $550. Defendant said that it had no information as to the agreements that might have been made between the Standard Automotive Company and the Franklin Company, but that it was not bound thereby. That at the time of the loss the plaintiff owed the Standard Auto-

motive Company more than $550, and that it was such indebtedness that the Franklin policy was designated to and did protect.

"That the plaintiff, through Standard Automotive Company, agreed to the cancellation of its policy and the substitution of the Franklin policy therefor; that the plaintiff paid the premium on $950 of insurance and no more; that the Franklin Company became bound to plaintiff and the Standard Automotive Company, and in fact did pay to the Standard Automotive Company the amount of its policy, so that plaintiff's recovery is limited to $400, which is the difference between the $950 of insurance, on which she paid a premium, and the $550 for which the Franklin Company is liable under its policy. That since the Franklin Fire Insurance Company is liable there should be credited upon any indebtedness which this defendant may have to plaintiff, or to Standard Automotive Company of Texas, the sum of $550, the face of the Franklin policy and the amount which the Franklin Company paid to the Standard Automotive Company of Texas, unaffected by any agreements entered into between the plaintiff or the Standard Automotive Company of Texas; that if the Franklin policy, though it names the plaintiff as the assured, is not an insurance on her interest in the automobile, then that the same insures the mortgage interest in the car, and the payment under that policy, and the liability of the Franklin Fire Insurance Company thereunder, should first apply to the extinguishment of the mortgage, and the liability of this defendant be no more than the difference between $950 and $550. Defendant says that it received an original premium of $31.83. When its policy was canceled and the Franklin policy issued, it returned to the local agents of itself and the Franklin Company $17.50, which said sum the Franklin Company took and still holds and has never offered to return. This defendant has therefore received no more than a premium on $950 for the term between the date of this policy and the date of the Franklin policy, or a premium on $400 for the entire term."

Upon the trial of the case, upon request of defendant California Insurance Company, the court instructed the jury to return a verdict in favor of the plaintiff against it for $413.60, and in favor of intervener, Hall, against it in the sum of $32.75. Upon this verdict of the jury a judgment was rendered in conformity thereto on May 2, 1923, and intervener, Hall, prosecutes this appeal therefrom.

In this court, under a number of assignments and propositions, appellant invokes two general contentions: (1) The trial court erred in giving the peremptory instruction in favor of the other litigants in response to the motion of the appellee insurance company, and (2) further erred in refusing to give the peremptory instruction in his favor requested by himself. He assigns as reasons under the first of these positions: (a) That it conclusively appeared from the undisputed evidence that the purchase-money notes sued on were past due and unpaid, that intervener was the legal and equitable owner and holder thereof, wherefore the instruction given was manifestly contrary to the great weight and preponderance of the evidence; (b) "if intervener was not entitled to a peremptory instruction, then the evidence viewed in the light most favorable to plaintiff, Mrs. Lucille Miller, was conflicting with respect to whether the payment made by Franklin Fire Insurance Company to Standard Automotive Company of Texas was a settlement on the policy issued by said insurance company to plaintiff, in which policy Standard Automotive Company of Texas was made loss payee, or whether said payment was made on a consideration for the assignment of the notes sued on and as the purchase price therefor independent of said policy, said conflict, if any, requiring the issues so raised to be submitted to the jury."

Under the second one these grounds are presented: (a) Appellee Miller's pleadings were an insufficient predicate upon which to base a defense to intervener's cause of action; (b) the same as (a) under his first proposition; (c) "it conclusively appears from the undisputed evidence that the Franklin Fire Insurance Company made no settlement with intervener, or his predecessors in interest, Standard Automotive Company of Texas, under the policy issued by said insurance company, but, on the contrary, at all times denied liability thereon; the undisputed evidence further conclusively showing that the notes sued on were purchased by said Franklin Fire Insurance Company from said Standard Automotive Company of Texas, intervener's predecessor in interest, for a valuable consideration, independent of any policy issued by said insurance company, and were subsequently assigned to intervener for a valuable consideration and were past due and unpaid;" (d) "it clearly appeared from the undisputed evidence and the terms of the mortgage contract between said Standard Automotive Company of Texas, intervener's predecessor in interest, and plaintiff, Mrs. Lucille Miller, as a condition of said mortgage, that plaintiff was to keep the property insured against fire, with a provision in the policy that, in the event of loss by fire, sufficient of the avails of said policy should be paid to the legal holder of the purchase-money notes to satisfy the moneys unpaid thereon, principal, interest, and attorney's fees, by reason of which the said Franklin Fire Insurance Company was entitled to be subrogated to any and all rights of the payee of said notes, and intervener as the assignee of said notes, for a valuable consideration, was entitled to like subrogation."

The material and undisputed facts developed may, we think, be fairly summarized as follows: Lucille Miller bought the automobile from the Standard Automotive Company, which concern became a bankrupt and

was represented in this case by its trustee in bankruptcy, Vernor Hall, paying part cash and executing notes for the balance of the purchase price payable to the Automotive Company, the last 10 of such notes being for $80 each; at the same time, to secure the payment of the notes, she also executed a chattel mortgage on the car to the company. This transaction was made in her maiden name, Lucille Johnson, afterwards changed, by her marriage, to Lucille Miller. At the time she also took out a policy of insurance with the California Insurance Company in the sum of $950, insuring the car against theft and fire. This policy was issued in her name as insured and she paid the premium therefor, amounting to $31.83. There was a loss payable clause to the Standard Automotive Company, mortgagee, as its interest might appear, and the policy was retained by that company. Appellee Miller paid the first 5 notes as they came due, but before the sixth note was due the automobile was destroyed by fire. She immediately notified the California Insurance Company of the loss and made demand for the payment of the $950 policy, when she was informed that it had been canceled. This was the first notice she had of the cancellation of the policy, and no one had authority from her to accept or agree to a cancellation.

The policy contained a provision requiring cancellation thereof at any time either on request of the assured or by the company, on the giving of five days' notice, in which event the unearned portion of the premium that had been paid was to be returned on surrender of the policy. Mrs. Miller was not only given no notice of any cancellation until after the fire, but she never had possession of the policy she had so paid the $31.83 for, it having been retained by her mortgagee, the Standard Automotive Company, nor did she ever receive back any part of this premium or get any money under the $550 policy issued by the Franklin Company, in fact did not know that any had been paid.

The cancellation transaction took place between the California Insurance Company and the Standard Automotive Company alone, and in substance was: The agents for this insurance company, being also agents for the Franklin Fire Insurance Company, notified the Automotive Company, which then held Mrs. Miller's original $950 policy, that they had been instructed by the California Company to cancel it; they did so, and, in lieu thereof, issued and tendered to the Automotive Company another policy for the smaller sum of $550 in the Franklin Company, payable as the larger one had been under a loss payable clause, first to the Automotive Company as its interest might appear, and then any balance to Mrs. Miller; the Automotive Company, after first questioning and then conceding the insurer's right to cancel the policy, surrendered to them Mrs. Miller's larger policy, acting without her knowledge or consent, and accepted the Franklin policy for the smaller amount, which was at that time delivered to it, the same being paid for by applying the unearned premium on the California policy, then amounting to $17.50, to the payment of one year's premium on this new policy in the Franklin Company, which exactly amounted to the same sum. As before stated, this occurred before the loss and without any notice to appellee Miller; after the loss took place, the Automotive Company demanded of the Franklin Company payment of its $550 policy and the latter, after first demurring on the ground that the California Company's policy had never been canceled, and that it was the one liable, finally paid the claim in full, at the same time taking an assignment of the 7 unpaid $80 notes and accompanying mortgage the concern as mortgagee held against appellee Miller; the Automotive Company coincidently gave the Franklin Company a bond, agreeing to return to it "the amount of $550, in the event that Miss Lucille Johnson—the assured named in the policy of the California Fire Insurance Company—shall hereafter recover or receive from the California Fire Insurance Company under its policy of insurance as much as $550, and in the event that she shall receive from or recover of such California Fire Insurance Company less than $550, then such amount so received or recovered shall be refunded to the Franklin Fire Insurance Company."

After this suit was filed by Mrs. Miller (née Miss Lucille Johnson) against the California Company on its original policy to her, that is, on February 28, 1923, the Franklin Insurance Company executed a reassignment of the $80 notes and mortgage to appellant, Vernor Hall, as trustee in bankruptcy for the Standard Automotive Company, reciting as a consideration the payment of $550, and that its purpose was "to subrogate and assign all rights, interest, and claim in the above-described paper to the said Vernor Hall, trustee." In connection with it, the president of the defunct Automotive Company testified:

"The reassignment was made in pursuance to agreement made at the time the assignment was made in the first place."

The trustee, as the preceding statement of his pleadings has shown, then intervened in this cause, claiming to be the owner of such notes and mortgage by virtue of this reassignment, and sought recovery thereon.

The judgment of the court below in giving the peremptory instruction complained of recites:

"And the court having concluded that the intervener's (Vernor Hall's), cause of action is based upon 7 notes, executed by the plaintiff in the sum of eighty dollars, each aggregating

the sum of $560 and interest thereon up to the 2d day of August, A. D. 1922, and upon one of said notes $20 had been paid, leaving a balance on the principal of $540, and the court having further concluded that the sum of $550 of said principal and interest was heretofore on the 2d day of August, 1922, extinguished and discharged by the payment of said sum to the intervenor by the Franklin Insurance Company, charged the jury as follows."

It is apparent that the trial court's peremptory instruction and succeeding judgment rested upon these conclusions:

(1) That the cancellation of the California Insurance Company's policy for $950 was ineffective as to the assured Lucille Miller, but effective as to her mortgagee, the Standard Automotive Company.

(2) That her unpaid purchase-money notes were outstanding obligations against her in favor of such mortgagee, and amounted, including principal and interest, on August 2, 1922, to $582.75.

(3) That on August 2, 1922, the Franklin Insurance Company, under its policy for that sum, paid $550 to her mortgagee, which should be credited as of that date on her indebtedness to it, leaving a balance due by her to it of $32.75.

(4) That the $550 so paid August 2, 1922, by the Franklin Company, should also be credited on the $950 of insurance then due Mrs. Miller by the California Company, leaving a balance in her favor of $400.

(5) That this $400, and interest thereon from August 2, 1922, to the date of this trial, May 2, 1923, amounted to the sum of $446.35, of which $32.75 was apportioned to her creditor, Vernor Hall, trustee, and the remaining $413.60 to herself.

[1] We are not prepared to hold this determination erroneous; no notice was ever given Mrs. Miller, and therefore the California Company could not cancel its policy as against her whom she had paid in advance in full for its contract with her, but could do so as against her mortgagee, the loss payee therein named, because it not only had notice of the desire to cancel, but agreed to its consummation and accepted another policy in a different company in lieu thereof, which latter policy it subsequently collected in full. East Texas Fire Insurance Co. v. Flippen, 4 Tex. Civ. App. 576, 23 S. W. 550; Globe Fire Insurance Co. v. Limburger (Tex. Civ. App.) 193 S. W. 222; Glasscock v. Liverpool & London Globe Insurance So. (Tex. Civ. App.) 188 S. W. 281; Phœnix Insurance Co. v. American Trust & Savings Bank (Tex. Civ. App.) 248 S. W. 819.

[2] Neither do we think its attempt in that connection to assign the notes and mortgage of Mrs. Miller to the Franklin Company, in consideration of the payment of the $550 so made to it, had the effect of subrogating the latter to the rights against Mrs. Miller on her notes, but rather that such payment operated as a contemporaneous extinguishment, and satisfaction of her debt to it to the extent of the amount it so received, that is, $550, leaving her thereafter owing it only a balance of $32.75. This new policy, like its predecessor, named Mrs. Miller as the assured and her mortgagee as loss payee, interested only to the extent of its debt, and contained (presumptively at least) no stipulation that the insurer should be subrogated to the mortgagee's rights against the mortgagor. In these circumstances the rule applicable is thus stated in 26 Corpus Juris, p. 461, under the text of "Fire Insurance" and subtext "As Against Mortgagor—Insurance for Mortgagor's Benefit":

"Where the policy, both on its face and by the intention of the parties, insures the mortgagor, as where it is taken out by the mortgagor for his own benefit, or payable to the mortgagee as his interest may appear, or by the mortgagee in the mortgagor's interest, and at his expense, payment of the insurance money goes to the benefit of the mortgagor in satisfaction pro tanto of the mortgage debt, and the insurer is not entitled to subrogation to the rights of the mortgagee as against the mortgagor, unless the policy contains an express stipulation that the insurer shall be so subrogated."

See, also, notes and authorities cited under footnotes 57 and 58; Scottish, etc.. Ins. Co. v. Colvard, 135 Ga. 188, 68 S. E. 1097.

[3] With much earnestness appellant argues that the assignment of the notes and mortgage by his company to the Franklin Company was not regarded by the parties to it as nor was it in effect, a payment of them by the insurance company, but was intended to be and was merely a conditional agreement providing that should the California Company be found liable on its policy for the loss of the car, then the Standard concern should repurchase the notes and mortgage from the Franklin Company, claiming that this arrangement was in fact carried out, and citing many authorities as supporting the contention that such conditional agreements may be made.

The trouble with this view is that it locks the barn after the horse has escaped, since, under the principle of law just discussed, the notes in the hands of the mortgagee had already been, to the extent of $550, automatically extinguished by the payment of that sum to the mortgagee and there could be no assignment of them at all, conditional or otherwise.

[4] As concerns the two insurance companies, we think the California Company's policy should be regarded as canceled and retired on the date of that transaction as to those interested who had notice thereof, it having remitted the portion of the consideration applicable beyond that date, while

that of the Franklin Company, upon the other hand, should be considered as outstanding in full force and effect at the time of the fire in favor of both the mortgagor and the mortgagee; certainly, it seems to us, the latter should not escape its obligation to pay at maturity of the risk on the ground that the former's policy had not been successfully canceled and that it too might be liable, because the Franklin concern, having full knowledge of all the facts, had received and kept—without even offer of return—the full year's premium of $17.50 for its policy, paid to it by Mrs. Miller's mortgagee out of this rebate on her California Company contract, at the time such mortgagee undertook, without, notice to or authority from her, to place her in the position of having only $550 instead of $950 of insurance on her car.

From what has been said it is apparent that, in our opinion, the trial court did not err in the action complained of; appellant's contentions have therefore been overruled and the judgment affirmed.

Affirmed.