CASE 78—ACTION BY IDA URBANSKY AND ANOTHER AGAINST THE COM-
MERCIAL UNION ASSUR. CO. ON A POLICY OF INSURANCE—JUNE 6.

# Commercial Union Assur. Co. v. Urbansky &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.   AFFIRMED.

FIRE INSURANCE—PAROL CONTRACTS—SELECTION OF COMPANY BY
AGENT—RIGHT OF AGENT TO CANCEL POLICY WITHOUT NOTICE TO
INSURED—ADDITIONAL INSURANCE—NOTICE TO AGENT.

Held:   1. Parol contracts of insurance are valid.
2. Where insured authorized one who was agent for several com-
panies to select the companies in which to place insurance of a
certain amount, the agent had no authority, after selecting
the companies and issuing the policies, to cancel one of the
policies without notice to insured, and substitute for it a pol-
icy in another company, though the canceled policy had not
been actually delivered, since an enforceable contract would
have existed if no policy had been issued at all; and therefore
the canceled policy remained in force.
3. Where insured notified the agent that he desired to procure ad-
ditional insurance, the company was bound to issue a pol-
icy which allowed him to do so, and therefore a provision in
the policy issued which was never actually delivered, prohib-
iting additional insurance, was void.

JOHN BARRETT AND WM. B. THOMAS, ATTORNEYS FOR APPELLANT.
M. A., D. A. AND J. G. SACHS, FOR APPELLEE.

(No briefs in the record).

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Mr. Boston, manager of the appellees at Gallatin, Tenn.,
applied to Mr. Donnell, agent for the appellant and a num-
ber of other insurance companies at that place, for $3,500
of insurance on the goods owned by the appellees at the
above-named place. Donnell was instructed to place the
insurance in two of the best companies. Thereupon he

wrote a policy of $2,000 in the appellant company, and $1,-500 in another company. In a few days thereafter, to-wit, Saturday, July 15, 1899, Donnell came to the appellees' store to solicit more insurance. Appellees' agent asked him for the two policies, and expressed a desire to pay the amount of the premiums, which was $65. Donnell told him that the policies were locked up in bank, and that he could not then get them. The appellees' agent told him to bring his policies Monday, and get the amount due for premiums. Donnell said that it was unnecessary to do that; that he could wait until the 1st of the month, as he then made his collections. On Sunday morning Donnell received a letter from the appellant, advising him of its desire to have the policy which he had issued returned to it for cancellation, and in compliance with that request he mailed the policy to the appellant. On the same morning Donnell issued a policy in the Norwich Union Insurance Company, antedating it Saturday, July 15, 1899. On that night a fire occurred in the block in which the appellees' goods were situated, which resulted in their destruction. On Monday morning plaintiff's manager demanded the two policies which Donnell had issued. When Donnell delivered to him two policies, one of which was for $2,000, which he had issued on Sunday morning in the name of the Norwich Union Company, appellees' agent did not know the names of the companies in which Donnell had issued the original policies, and did not learn until some days afterwards that Donnell had made an effort for the substitution of one for the other policy. When he learned this he tendered back the policy in the Norwich Union Company, and demanded the original policy which had been issued to the appellant company. The appellees had never

asserted a claim under the policy issued in the Norwich Union Company. The questions are: (1) Had the appellant's agent the right, without the knowledge or consent of the appellees, to substitute the policy of the Norwich Union Company for the one which had been issued in the appellant company? (2) Had the appellees forfeited the policy by reason of additional insurance on their property?

Preliminary to the first proposition, it may be stated that verbal contracts of insurance are valid. Insurance Co. v. Rowe (20 R., 1473) (49 S. W., 422); Fidelity & Casualty Co. v. Ballard & Ballard Co. (20 R., 1169) (48 S. W., 1074; Insurance Co. v. Spiers, 87 Ky., 285 (10 R., 254) 8 S. W., 453; Insurance Co. v. Owen's Adm'r, 94 Ky., 197 (14 R., 881) 21 S. W., 1037. It may also be added that when appellees' agent applied for insurance, and told the agent of the appellant to select the companies in which to place policies amounting to $3,500, such policies as were issued under that instruction in accordance with the contract were enforceable, although the companies were not designated by appellees' agent. So, when the policy was issued in the company for $2,000, although it was not actually delivered, there was a binding contract of insurance. If the policy had not been issued at all, an enforceable contract of insurance would have existed. The question recurs, could appellant's agent cancel that contract of insurance without notice to the insured? There was no contract between the parties that the insurance agent, Donnell, was to keep the appellees' property insured in the sum of $3,500, nor was it in contemplation of the parties that there would be occasion for the cancellation of the policy to be issued, and others substituted in lieu thereof. While it is true that it may be regarded within the agreement that the companies which were to be selected in which policies were

to be issued should have the right to cancel, this, however, could not be done without notice to the insured before the loss occurred. Insurance Co. v. Haynes, 10 Ky. Law Rep., 276; Insurance Co. v. Yates, Id., 984; Insurance Co. v Owen's Adm'r, supra. There was no notice given in this case that the policy had been canceled. The appellees did not employ the appellant's agent to represent them in the matter of procuring insurance and maintaining it upon their property. They simply applied to him, as the agent of insurance companies, to issue two policies in good companies. When he agreed to issue these policies and select the companies, he was acting as the agent of the insurance companies, and not the appellees. If it could be said, in any legal sense, that he was the agent of the appellees, it was only to the extent of selecting the companies which he represented as agent in which the policies should be issued. The instant he made this choice, his relationship as agent of the appellees ceased. He had no authority to cancel the policy issued by the appellant, nor had he any authority to invalidate the contract of insurance which he had made with the appellees. In all subsequent acts of Donnell he represented the appellant, and in no sense the appellees. In Clark v. Insurance Co., 89 Me., 26, 35 Atl., 1008, 35 L. R. A., 276, it appeared that a party desired an insurance policy. He left instructions at the office of the agent of insurance companies to issue a policy, without instructions as to what companies the insurance should be placed in, the matter being left to the agent. The agent selected a company, and issued a policy in it. Afterwards the policy was canceled without the knowledge of the insured, no notice having been received thereof until after the property had been destroyed by fire. After the cancellation, and before the fire, a policy had been issued in

another company. In passing upon the effect of the transaction, the court said: "When insurance on the plaintiff's building to the required amount had been secured in the Commercial Union . . . the plaintiff's application had been filed, and no authority remained for placing other insurance upon the property." And again, in the same opinion, the court said: "But in this case the agent had no authority, express or implied, to effect any insurance for the plaintiff beyond what had already been completed. His authority was to procure for plaintiff $1,200 insurance in one of the companies which he represented; and, having done that to the acceptance of the plaintiff, his agency, so far as plaintiff was concerned, was accomplished, and he had no authority to make further insurance in behalf of the plaintiff. Nor was it the intention, even, on the part of the agent, to effect additional insurance. It was at most an attempt to transfer a risk from one company to another at the instance of the company then carrying the risk, and without the consent of the assured. The attempted cancellation and the effort to place the risk in the defendant company were parts of the same transaction, with no consent of the assured. Unless the cancellation was valid, the second risk did not attach." Some courts may take a different view of the question from what we have taken, but the opinions of those courts are not authority in this court. They are valuable to this court only to the extent that the reasoning therein appeals to our judgment. We are of the opinion that the conclusions we have reached necessarily follow from the facts stated.

It is averred by the appellant that there was a provision in the policy which its agents issued to the effect that, in the event the assured should procure any other or additional insurance upon the property insured without its

consent, then the policy should become null and void. As we have said, the appellees' agent never saw the policy. The uncontradicted testimony tends to show that the appellees' agent notified appellant's agent that other and additional insurance would be placed upon the goods. The appellant's agent issued an additional policy thereon for $1,500, and solicited the privilege to issue other policies on the property. These facts are to the effect that the appellant consented to the additional insurance. It was under an obligation to issue and deliver to the appellees a policy which authorized them to take out additional insurance upon the property. If the policy did not contain such provision, it was not issued in accordance with the contract of the parties. It further follows that the provision in the policy which was issued declaring the policy void if additional insurance was placed upon the property is not enforceable, because it was placed there contrary to the contract which the parties made. The mere fact that the appellant did not limit the amount of additional insurance is unimportant in this case. If it had desired to do so, then it should have limited the amount by its contract. It can not now avoid the effect of its contract, because it did not require the appellees to state the amount of additional insurance they would place upon their property. We think that the correct principle is stated in Brandup v. Insurance Co., 27 Minn., 393, 7 N. W., 735, where the court said: "The application to defendant's soliciting agent was made with notice to him that plaintiff desired and intended to procure other insurance on the same property. It was, in effect, an application for a policy which would permit such other insurance. Notice of that to the agent was notice to the company. . . . Plaintiff had a right to expect a policy that would permit the other insurance

which defendant knew he desired and intended to procure; and when the policy came to him, he had a right to assume that it was such as he had applied for, and that the company waived any condition in the policy apparently inconsistent with his right to procure the other insurance."

The judgment is affirmed.