# Connecticut Insurance Company v. T. C. Caummisar & Sons.

# Yorkshire Insurance Company v. Same.

# Great American Insurance Company v. Same.

(Decided February 18, 1927.)

## Appeals from Jefferson Circuit Court (Common Pleas, Third Division).

1. Insurance—Notice to Broker Employed to Procure Policies is Not Notice to Insured of Insurer's Intention to Cancel.—Notice to broker employed by insured for particular purpose of procuring policies sued on does not constitute notice to insured of insurer's intention to cancel policies.

2. Insurance—Broker or Agent Employed to Keep Property Insured and Empowered to Select Insurer May Cancel Policies Without Notice.—Where property owner constitutes agent of fire insurance companies or broker as agent to keep property insured and empowers him to select insurer, the agent has power to cancel policies without notice and substitute therefor a policy of another company; especially where agent or broker of insured is not agent of insuring company.

3. Insurance—Mortgagee Requiring Insurance on Property with Delivery of Policy Held Not Such Agent as Could Accept Notice of Cancellation for and on Behalf of Insured.—Mortgagee who requires mortgaged property to be protected by insurance to extent of loan and policies to so state and be delivered to mortgagee held not such agent of insured as authorized it to accept notice of cancellation of policies for and on behalf of insured, since insurance was required for its own benefit and protection and not as agent for insured.

4. Trial—Sustaining Objection to Attorney's Argument and Admonishing Him of Error in Assumption Held Not Erroneous.—In action on fire insurance policies which had been canceled prior to loss, sustaining objection to argument by counsel for defendant that agent's account demonstrated plaintiff's notice of cancellation and admonishing him that he was in error in assumption on which he was proceeding held not erroneous, since objections to argument and admonitions of court were specifically bottomed on fact that it did not appear in record that plaintiff had ever seen or heard of account or information it contained until after loss.

HITE H. HUFFAKER for appellants.

O'NEAL & O'NEAL and HENRY J. TILFORD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming each judgment.

On December 28, 1921, J. M. Todd & Company were local fire insurance agents in Louisville, and represented the appellants and defendants below, Connecticut Insurance Company, Yorkshire Insurance Company and Great American Insurance Company. On that day, through the solicitation of R. O. Breuer, another fire insurance agent in Louisville, and who was acting as broker for appellee and plaintiff below, T. C. Caummisar & Sons, a corporation, they issued three fire insurance policies for $750.00 each, whereby each defendant insured plaintiff's factory, located in Jefferson county and outside of the city limits, against loss or damage by fire for a period of one year, to the amount named. On each policy there was attached a mortgage payment clause in the usual form whereby the insurer agreed to pay the loss, if any under the policy, to the Parkview Improvement Company, who held a mortgage on the insured property as its interest might appear, and all of which was done pursuant to an agreement and understanding between the mortgagor and the mortgagee at the time the lien was given. It was furthermore understood at that time that Breuer would procure the insurance contemplated and the mortgagee would pay to him the amount of the premium with money retained by it out of the loan and that it should have custody of the policies. Pursuant thereto Breuer when he obtained the policies delivered them to the mortgagee, but it did not pay the premiums or any part of them at that or any other time, but they were charged by Breuer to the insured, the defendant. After Todd & Company had delivered the policies and notified the defendants, each of them caused the risk to be inspected and as a consequence thereof directions were given to Todd & Company to cancel the policies pursuant to provisions contained in each of them, and the latter notified Breuer to that effect, with a request that he procure and deliver to them the policies for cancellation. In due time Breuer obtained the policies from the mortgagee with whom he had left them, and they were returned to Todd & Company for cancellation, all of which was done on April 5, 1922, the cancellation being made to take effect as of the date the policies were issued without charge for any of the time they were in force.

On August 24, 1922, the property was totally destroyed and plaintiff brought these three separate actions in the Jefferson circuit court against the three defendants to recover the amount of each policy upon the ground that it was never notified of their cancellation, and that, since the fire occurred within the twelve months covered by the policies, defendants were liable on them to it. The answers admitted the execution of the policies but defended on the ground that they were legally cancelled long before the fire and at that time neither of them was in force or effect. Appropriate pleadings made the issues, and upon trial before a jury there was a verdict against each defendant in favor of plaintiff for the full amount of the policies, which the court declined to set aside on a motion for that purpose, and from the judgments pronounced thereon these appeals are prosecuted and ordered heard together as they were so tried in the court below. The chief, and as we regard only material errors complained of by counsel for defendants are: (1) Failure of the court to give a peremptory instruction in favor of defendants; (2) error in the instructions given, and (3) misconduct of the court during the argument of defendant's counsel to the jury.

Complaint (1) is bottomed on the theory that the policies were validly cancelled and which, if true, disposes of the entire case; but the correctness of that assumption is the chief if not the only question involved in the cases. Whether or not counsel be correct in that position depends on whether the cancellations under the facts developed by the record conformed to the obligations and rights of the parties under each policy. It will be observed that Breuer was only an insurance broker employed by the insured only for the purpose of effecting this particular insurance. Nothing contained in the record goes to establish the fact that he was at that time or had ever been the general agent of the insured for the purpose of keeping the latter's property protected against loss by fire and with general power to select the insurers of the property and to deal with them generally with reference thereto in the name of and for and on the behalf of his principal, the plaintiff in these cases. Being such broker and specially employed for the particular purpose of procuring the policies sued on, the law is well settled that notice to him of the insurers' intention to cancel the policies pursuant to their terms did not bind

plaintiff, the insured under the policies. Joyce on the Law of Insurance, second edition, volume 2, sections 635, 636 and 637; 14 R. C. L., page 1010, par. 189; 26 C. J. 137, par. 160; Dixie Fire Insurance Company v. Layne, 156 Ky. 606, and Commercial Union Assurance Co. v. Urbansky, 113 Ky. 624. The same authorities and all others to which our attention has been called, confine the rule as just stated to cases and instances where the agent or broker possessed only special authority to effect the insurance and which it is held terminated when that was done. On the other hand, as stated in the text of R. C. L. referred to, "Where, however, a property owner constitutes the agent of fire insurance companies or a broker as the agent to keep the property insured and empowers him to select the insurer, the agent has the power to cancel the policies without notice to the insurer and to substitute therefor a policy in another company," and that is especially true where the agent or broker of the insured is not the agent of the insuring company. We repeat, that there was no evidence in this case to show that Breuer possessed any such general powers as to constitute him the agent of plaintiff for the purpose of receiving notice of cancellation, so as to bring home that fact to plaintiff. The court therefore did not err in so directing in the instructions he gave to the jury.

But it is further insisted under this same complaint that the mortgagee, the Parkview Improvement Company, under the facts of the case was such an agent of the insured as could accept notice of the cancellation for and on behalf of the insured. But we find ourselves unable to agree with that contention. Nothing appears in either of the policies as a foundation for it, and we can discover from the testimony no more extensive authority or greater power in the mortgagee in these cases than is contained in the usual customary and ordinary ones where the loss is made payable to the mortgagee "so far as its (or his) interest might appear." In other words, the Parkview Improvement Company in these cases, as a safe business proposition, exacted of the insured that the mortgaged property should be protected by insurance to the extent of the loan and that the policy or policies should so state and should be delivered to the mortgagee; not because it was the agent of the insured, but for its own benefit and protection as a lienholder on the property insured.

Mr. Joyce in his work, *supra,* volume 3, section 1668, on this exact point says: "A mortgagee to whom loss is payable as his interest may appear and to whom also the conditions of the policy expressly apply is entitled to notice of cancellation. To cancel a policy payable to a mortgagee as his interest may appear, notice must be given to the mortgagee, where the policy provides that it may be cancelled by giving five days' notice of cancellation. Notice to the mortgagee is a prerequisite to cancellation under a standard policy containing a mortgagee clause and providing that it may be cancelled at any time at assured's request where it is also provided that no act or default of any person other than the mortgagee or his agent shall affect his right to recover in case of loss. Notice to a mortgagee is insufficient where the mortgagor is alone obligated to pay the premium. . . . Notice to one of several holding an interest under the policy is insufficient." To the same effect is C. J., *supra,* page 139, section 164, and on page 1008 of R. C. L., *supra,* the text says: "In the case of a policy containing a union mortgage clause, notice of cancellation must be given the mortgagee, as well as the owner, to cut off his rights." In note 8 to that text the cases of Gilman v. Commonwealth Insurance Co. of New York, 112 Me. 528; 92 Alt. 721, L. R. A. 1915C 758; Rawl v. American Central Insurance Co., 94 S. C. 299, 77 S. E. 1013, Ann. Cas. 1915A 1231, and note, 45 L. R. A. (N. S.) 463, and note, are cited in its support, and a reading of them will show that they do so. Of course, the principles above announced are subject to be qualified by stipulations contained in the policy but which do not appear in either of the policies sued on. We, therefore, conclude that the court did not error in assuming in its instructions and so telling the jury that the notice that the mortgagee alone had in this case of the cancellation could not operate to the detriment of plaintiff. The court, therefore, properly submitted to the jury the only material issue in the case, which was: Whether plaintiff obtained notice itself through or by anyone before the fire, and if it did, then to return a verdict for defendants, otherwise to find for plaintiff, and which disposes of complaints (1) and (2) above.

Complaint (3) grows out of these facts: After the fire plaintiff applied to its mortgagee for a list of the policies and could not procure from it satisfactory information. It instituted an action against the mortgagee

to compel it to disclose the policies it held on the destroyed property, and in that case it took the deposition of Breuer, in which he exhibited a duplicate of his account against plaintiff showing when the policies sued on were issued; the amount of each premium and the aggregate of all of them, and on which there appeared a credit for the unearned portion of the premiums and a charge against plaintiff for the balance of $17.39, and which account was marked paid April 5, 1922. The witness never stated, either in that deposition or in his testimony in this case, that he exhibited that account to plaintiff prior to the time he gave his deposition in the action against the mortgagee. However, he did testify in this case that he verbally informed the plaintiff of the cancellations, directly after or at the time they were made. That testimony, however, was denied by plaintiff and its witnesses and it was that issue that the court submitted to the jury followed by the finding, as we have said, that no such notice was given. In other words, the jury accepted the testimony of plaintiff and its witnesses, who were its officers, instead of that of Breuer upon that issue, and it is not contended on this hearing (but if so it could not be upheld) that the verdict thereon was flagrantly against the evidence.

While defendants' counsel was arguing the case to the jury he read from the account, *supra,* and which was exhibit 3 filed with the testimony of Breuer with this case, and sought to argue that it demonstrated that plaintiff received notice of the cancellation before the fire. That argument was objected to upon the ground that there was no testimony that plaintiff had ever seen that exhibit or the original or any copy before the fire. The court sustained the objection and admonished counsel that he was in error in the assumption upon which he was proceeding. There is some divergence found in the record as to what then happened, but the trial judge certifies that counsel again proceeded with the same line of argument and he was again admonished to desist and was told that the argument was not only unfounded but unfair, and to which remark counsel for defendants objected and excepted, but which the court overruled. It is insisted under this complaint that the conduct of the judge as so briefly outlined was grievously erroneous and, as argued, it was tantamount to a peremptory instruction in favor

of plaintiff, since it was calculated to impress upon the jury that the court favored plaintiff in the litigation.

We are unable, however, to accept that view of the incident, although learned counsel in taking that position is perfectly sincere from his viewpoint. If we should concede for the purposes of this case only that the language of the court in delivering his admonitions was stronger than they could have been expressed, yet we are unable to find wherein they could possibly mislead the jury, since both the objections to the argument and the admonitions of the court were specifically bottomed on the fact that nowhere in the record did it appear that plaintiff had ever seen or heard of the exhibit or the information it contained until long after the fire. We must presume that the jury was composed of men of average intelligence and fully comprehended both the objections to the argument and the rulings of the court thereon. Not being interested in the cause like counsel for defendants and viewing this complaint from the impartial standpoint of a disinterested party engaged in an effort to administer the law and do justice between the parties, we are forced to the conclusion that the effect of this ground for a new trial was and is exaggerated in the mind of counsel and that it is not entitled to the weight for which he contends and which he attaches to it.

Finding no error sufficiently prejudicial to authorize a reversal, the judgments are each affirmed, but each to be credited with the amount of the premium, with interest from the date of the policies.