## GULF INS. CO. v. BECKVILLE RURAL HIGH SCHOOL DIST. NO. 3 et al.

### No. 4014.

Court of Civil Appeals of Texas. Texarkana.

April 21, 1931.

Rehearing Denied April 23, 1931.

E. G. Senter and R. W. Mayo, both of Dallas, for appellant.

Woolworth & Baker, of Carthage, and B. F. Vaughan, Jr., of Dallas (Thompson, Knight, Baker & Harris, of Dallas, of counsel), for appellee Great States Ins. Co.

SELLERS, J.

The plaintiff, Beckville rural high school district No. 3, instituted suit against both the Gulf Insurance Company and the Great States Insurance Company in the district court of Panola county, Tex., alleging that on or about the 6th day of June, 1929, the trustees of the plaintiff school district were in possession, charge, and control of a certain school building, known as the Scruggs School Building, and equipment therein; that on the same day the Gulf Insurance Company had issued its policy of insurance No. 3423, in consideration of the premium paid therefor to J. E. Campbell, agent of the Gulf Insurance Company, insuring said property against loss or damage by fire to the amount of $1,000 on building and $250 on equipment; that on or about the 6th day of August, 1929, the Gulf Insurance Company attempted to cancel said policy without giving five days' notice to the trustees as provided in said policy, and that said cancellation and attempted cancellation was unknown to plaintiff until after the fire; that after the attempted cancellation of said policy on or about the 6th day of August, 1929, the Great States Insurance Company issued to plaintiff school district its policy of insurance, bearing No. 153472, in consideration of premium paid to J. E. Campbell, agent of said defendant, insuring plaintiff against loss or damage by fire in the amount of $1,000 on the school building and $250 on the equipment; that thereafter on or about the 29th day of August, 1929, defendant Great States Insurance Company attempted to cancel its policy without the giving of five days' notice to the trustees as provided in the policy, and that said cancellation and attempted cancellation was unknown to plaintiff until after the fire; that on January 7, 1930, said school building and equipment therein were totally destroyed by fire, said building being of the value of $2,000 and the equipment of the value of $500. Plaintiff prayed for joint and several judgment against the defendants in the sum of $1,250.

Defendant Gulf Insurance Company answered by general demurrer and general denial, by a plea of other insurance prohibited by the terms of said policy, by the plea that Campbell was the agent of the school trustees with authority to accept notice of cancellation and that notice was duly given and the policy canceled; that a policy in the Great States Insurance Company was substituted for the Gulf Insurance Company policy by Campbell, the agent for the plaintiff, and that

the plaintiff ratified this substitution and ratified the entire transaction and waived notice of cancellation of the Gulf policy, and the Gulf Insurance Company relied upon the said representation, and the Great States Insurance Company is now estopped to deny such substitution, and the Gulf Insurance Company prayed for judgment that if any liability be found against it that it have judgment over against the Great States Insurance Company.

The Great States Insurance Company answered by general demurrer and general denial; that on or about the 6th day of June, 1929, the Gulf Insurance Company issued a policy of insurance described in its petition which provided that the policy might be canceled by the company upon giving five days' notice of cancellation; that the policy was never canceled because no such notice was ever given to the trustees; that at all times it remained as valid and subsisting insurance and was in full force and effect at the time of the fire; that said insurance was all of the insurance contemplated or desired by plaintiff; that any policy in the Great States Insurance Company on said property attempted to be issued by any agent was never delivered or attempted to be delivered to the assured, never accepted by the assured and never heard of prior to the fire, and never became effective; that if it should be mistaken in the foregoing allegation and in the event it should be found that the Gulf policy was canceled prior to the fire complained of, that likewise its policy, which has the same provision in reference to cancellation as the Gulf policy, was canceled and notice of the cancellation given to the assured more than five days prior to the fire, and that it has no liability thereon.

The case was tried before the court on August 21, 1930, and the court rendered judgment for plaintiff against the defendant Gulf Insurance Company in the sum of $1,250, and in favor of the defendant Great States Insurance Company. From this judgment the Gulf Insurance Company has appealed.

The evidence offered upon the trial of the case was undisputed, and the court, at appellant's request, filed findings of fact and conclusions of law which, as we view it, are supported by the evidence and are as follows:

"Findings of Fact.

"1. J. E. Campbell was the duly authorized agent of the Gulf Insurance Company at Carthage, Texas, from June 6, 1929, until and including August 6, 1929, with authority to accept application for and issue fire insurance and receive the premiums therefor.

"2. On or about June 6, 1929, the trustees of the. Beckville Rural High School District No. 3, of Panola County, did request said Campbell to issue a policy of fire insurance on a certain school building known as the Scruggs Schoolhouse, giving the said Campbell a school warrant in the amount of $37.50 for the payment of the premium on said policy of insurance.

"3. No particular company was designated by the school trustees.

"4. Policy No. 3423 was issued by the said Campbell in the Gulf Insurance Company, which policy provided for the payment of $1,000.00 on the building and $250.00 on the furnishings in connection with the destruction by fire from the date above mentioned until June 6, 1930; and said school warrant was paid on or about June 10th by the First State Bank of Carthage, Texas, the county depository, to the said Campbell.

"5. The school trustees considered said Campbell as an insurance agent, and said Campbell was the agent of the Gulf Insurance Company at the time application was made to him for said insurance, and at the time the policy of the Gulf Insurance Company was issued by him as such agent.

"6. That said policy of insurance provided: "This policy shall be cancelled at any time at the request of the insured or by the company by giving five days' notice of such cancellation; that if this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that when this policy is cancelled by this company by giving notice it shall retain only the pro rata premium."

"7. On or about August 6, 1929, one Bushell, Special Agent of the Gulf Insurance Company, did instruct said Campbell to cancel said policy of insurance. Campbell stated to Bushell that the policy had just been cancelled and sent to the company. The company received said policy at its office in Houston, Texas, on or about August 9, 1929. No notice of cancellation was ever made to the school trustees, and no premium was ever returned, and the trustees had no knowledge of the above action mentioned in this. paragraph until after the fire which destroyed the Scruggs building.

"8. That the said J. E. Campbell was on August 6th the duly authorized agent of the Great States Insurance Company, with authority to issue fire insurance policies and accept the premiums therefor.

"9. On August 6, 1929, the said Campbell issued policy of fire insurance No. 153472 in the Great States Insurance Company covering the Scruggs School Building, which policy provided for the payment of $1,000.00 on the building and $250.00 on the furnishings in connection with the destruction by fire from the date above mentioned until June 6, 1930.

"10. The trustees of the Beckville Rural High School District No. 3 of Panola County did not request and did not know of the issuance of this policy until after the fire which destroyed the Scruggs School Building, and paid no premium therefor.

"11. On the 29th day of August, 1929, said Campbell was instructed to cancel the Great States policy, and same was cancelled on that day, and no notice of cancellation was ever given to the school trustees.

"12. On January 7, 1930, said Scruggs School Building was destroyed by fire, said building was worth in excess of $2,000.00, and the equipment therein was worth in excess of $500.00, and the loss by fire to said school building was in excess of $1,000.00 and the loss by fire to said equipment was in excess of $250.00, the loss being total.

"13. Shortly after January 7, 1930, the trustees of the Beckville Rural High School District No. 3, learned for the first time that the Gulf policy had been attempted by the company to be cancelled, and learned for the first time that a policy had been attempted to be substituted in the Great States Insurance Company, and made claim under both policies in the amount of $1,250.00.

"14. Liability was denied by both companies.

"15. That no insurance was requested by the school trustees of said Campbell, except a policy covering $1,000.00 on building and $250.00 on contents; that said trustees desired no other or further insurance; that said Campbell was not made the agent of said school trustees in any wise for the purpose of accepting notice of cancellation of policies."

"Conclusions of Law.

"1. The policy in the Gulf Insurance Company was a valid policy at the time of the fire, since it had not been cancelled prior to the fire.

"2. Campbell was not the agent of both the school trustees and the Gulf and or Great States Insurance Company, and notice to him of cancellation does not bind the trustees.

"3. The policy in the Great States Insurance Company never took effect because at all times there was a valid and subsisting insurance policy in the Gulf Insurance Company in full force and effect, and the policy in the Gulf Insurance Company was all the insurance contemplated or desired by the plaintiff, and the attempt on the part of the agent to issue the policy in the Great States Insurance Company on the same property was without force and effect because it never was delivered or attempted to be delivered by the insurer to the insured, and never accepted by them, and never heard of by them prior to the fire complained of.

"4. The statements of the said Campbell

with reference to the issuance of the policy in the Great States Company to the special agent of the Gulf company did not constitute an estoppel because said Campbell was at the same time the agent of both companies, with full knowledge of the entire transaction."

It is insisted by the appellant that the trial court erred in entering judgment against it for the reason that the undisputed evidence shows that its policy had been canceled long before the fire occurred, and the policy of the Great States Insurance Company substituted in its stead.

It is admitted by appellant that its policy upon the school building and its equipment was issued June 6, 1929, for a period of one year, and was in all respects valid from the date it was issued until August 6, 1929, at which time appellant insists its policy was canceled. To sustain appellant's contention, it would be necessary for this court to hold that appellant's agent, Campbell, was also the agent of the school trustees to accept notice of cancellation of its policy, there being a clause in the policy providing for five days' notice to the assured before the company could cancel the policy, which notice it is admitted was never given the trustees. Appellant's agent, Campbell, never testified on the trial of the case and the only testimony to show agency of Campbell for the trustees was that given by the trustees who signed the voucher for the insurance.

Mr. Barnett, president of the board of trustees, testified: "Mr. Campbell came into my drug store one Saturday and told me that Mr. House, the trustee from the Scruggs District, wanted to reinsure the school building as the policy had lapsed. He said, 'I have a voucher there that has been filled out and signed by Mr. House,' and so I signed it. I signed it with the understanding that it was the policy or the premium for the fire insurance policy on the Scruggs School building. No one in any way after that time gave me any character of notice about the cancellation of this policy. The first time I knew that an attempt had been made to cancel the policy was after the building had burned. He did not tell me what insurance he was going to issue with reference to the policy or what company would issue it. I have never carried any insurance with Mr. Campbell before. The school board had not had any previous dealings with Mr. Campbell. The schools had consolidated just a few months prior to that time and that was the first time it fell on the Consolidated Trustees. He (Campbell) said it was for fire insurance on the Scruggs School Building. He said that the premium was $37.50 but of course I did not know anything about the rate, and that was for the fire insurance on that building. I did not contemplate more than one policy of insurance when I signed that draft."

Mr. J. O. House, a member of the board of trustees, testified as follows: "I was working in the Matthews Mercantile Company here in Carthage at the time I signed this voucher payable to J. E. Campbell for this insurance. Prior to the time I signed the voucher, Mrs. Jordan, the County Superintendent of Schools, asked me one day if I knew that the policy had lapsed and I told her I did not but that I would take it up with the Board of Trustees or with Mr. Barnett. It was a week or ten days after that before I saw Mr. Campbell. He came into the store and said he wanted me to sign a warrant and he said he was getting me some insurance on the building. I signed the warrant. I never did receive any character of notice that they were attempting to cancel that policy. The first time I ever knew that they had attempted to cancel the policy was after the building had burned. I did not know of any attempt on the part of Mr. Campbell to write another insurance policy on that building. I did not know anything about the companies that Mr. Campbell represented. I did not even ask Mr. Campbell to write the insurance. He came to me and told me he was getting the insurance for the school building."

It will be noticed from this evidence that there had been no previous business relations between Campbell and the trustees of the Beckville rural high school district from which the inference could be drawn that the trustees had made Campbell their agent for any purpose, nor was there any request by the trustees of Campbell to act for them in any capacity. As we view the evidence of the trustees, Campbell was never made the agent for them for any purpose, unless it was to select from the companies he represented the one in which he would place the insurance, and when he did that, by placing the same with appellant, his agency ceased and he was thereafter unauthorized to act for the trustees, and notice to Campbell by the appellant of cancellation of its policy was not notice to the trustees. Commercial Union Co. v. Urbansky et al., 113 Ky. 624, 68 S. W. 653.

From the above holding, it follows that the policy of the Gulf Insurance Company was never canceled and was, therefore, at the time of the fire, in full force and effect, and there being no request by the trustees of Campbell for additional insurance on the school building or any intention on their part to accept the insurance by Campbell in the Great States Insurance Company, such policy never took effect, and therefore no liability had been established against the Great States Company.

It is insisted, however, by appellant that the facts of this case show such conduct on the part of Great States Insurance Company as will estop it to deny that its policy was substituted for that of appellants. We are unable to agree with appellant that the evidence establishes such equities in its favor as would estop the Great States Company to deny its liability. Appellant's liability was occasioned by its failure to give the trustees the five days' notice as required in its policy, and the fact that Campbell, who was the agent of both companies, advised appellant that its policy had been canceled and a policy in the Great States Company substituted in its stead, when in fact there had been no cancellation of appellant's policy, would not be binding on the Great States Company to such an extent that it relieved the appellant of giving the trustees the notice required in its policy. Appellant knew that its policy would be in force for twelve months unless it gave the trustees the notice required, and nothing was done by the Great States Company, so far as this record discloses, to relieve them from giving such notice.

The judgment of the trial court is affirmed.