## SECURITY NAT. FIRE INS. CO. v. GULF INS. CO. et al.
### No. 1464—5701.

Commission of Appeals of Texas, Section A.
July 22, 1931.

Nelson Lytle, J. Franklin Spears, and T. M. West, all of San Antonio, for plaintiff in error.

R. W. Mayo, of Dallas, and Templeton, Brooks, Napier & Brown, H. C. King, Jr., and M. L. Roark, all of San Antonio, for defendants in error.

HARVEY, P. J.

This suit was brought by Chas. A. Landamore, one of the defendants in error, against the Security National Fire Insurance Company, which will be called the Security Company, and the Gulf Insurance Company, which will be called the Gulf Company. Recovery was sought against the first-named company on a fire policy issued by that company. In the alternative, a recovery was sought against the Gulf Company on a fire policy of that company. The trial court gave judgment in favor of Landamore against the Gulf Company. The Court of Civil Appeals reversed that judgment, and rendered judgment in favor of Landamore against the Security Company. 22 S.W.(2d) 978. The last-named company was granted the writ of error.

The material facts are substantially as follows:

On October 8, 1926, the Security Company issued to Landamore a fire policy, good for one year, on a building belonging to Landamore, situated in the town of Stockdale. The building was totally destroyed by fire on September 30, 1927. At that time the Security Company policy was in force, unless the facts hereinafter stated show an effective cancellation thereof.

A. C. Bain was the cashier of a bank in Stockdale, in which Landamore carried a deposit account. He was also the local agent for both of the insurance companies named (among others), with such general authority from the respective companies as is usually conferred on a local agent for insurance companies except that, as agent for the Gulf Company, he had no authority to issue a policy in lieu of one canceled by another company. He had been specifically instructed by the Gulf Company not to issue any policy in behalf of that company in such a case. Landamore did not reside at Stockdale, and he had expressly authorized Bain, whom he knew to be the local agent for several insurance companies, to keep up for him the insurance on the building, and to that end to procure policies from time to time, as occasion required. He also authorized Bain to draw checks against his, Landamore's, deposit account in the bank, in payment of premiums. He also left to Bain's discretion the matter of selecting the company or companies to carry the insurance. In short, Bain was the agent of Landamore in the respects stated.

The Security Company policy contains the following stipulation:

"This policy shall be canceled at any time at the request of the insured; or by the company by giving five days notice of such cancellation. * * *"

On September 27, 1927, Bain, acting under instructions received by him from the Security Company on September 22, 1927, undertook to cancel the policy issued by that company, which policy was then in the possession of Landamore himself and so remained until after the fire. Contemporaneously with the attempted cancellation, Bain, as agent of the Gulf Company, executed a policy for that company, to take the place of the Security Company policy. He retained possession of

the new policy until after the fire occurred, purporting to hold possession thereof as agent for Landamore. The Gulf Company policy was for the same amount and covered the same property as the other one, and purported to become effective at noon, September 27, 1927, and to remain effective for one year. Landamore did not know of the purpose of the Security Company to cancel its policy, or of the purported cancellation thereof by Bain, or of the attempted substitution of the Gulf Company policy therefor, until after the fire occurred.

As has already been indicated, Landamore does not claim indemnity under both of the policies, but does claim, in effect, that he is entitled to indemnity under one or the other of them. A decision of the case calls for a consideration of the scope of the authority, respecting the matter of insurance on the building, which was conferred by Landamore on Bain, as the agent of the former.

It seems to be established in this state that where the insured has, in terms, authorized another (who is also the agent of a number of insurance companies) to procure and keep up insurance on the insured's property—the selection of the company or companies being left to the agent's discretion—the collateral authority to substitute one policy for another, and, in behalf of the insured, to waive notice of or to consent to the cancellation of the policy displaced in effecting such substitution, is implied. Dalton v. Ins. Soc. (Tex. Com. App.) 213 S. W. 230; National Fire Ins. Co. v. Oliver (Tex. Civ. App.) 204 S. W. 367 (writ refused). In such a case, the implied authority of the agent, with regard to cancellation, has reference to the effectual substitution of one valid policy for another and is dependent thereon. Obviously, a general and independent authority, respecting the cancellation of policies, cannot be reasonably implied, when a cardinal purpose of the insured, as manifested by the nature of the authority conferred by him on the agent, was to keep his property protected by insurance, without intermission. Furthermore, it would be unreasonable to presume that the insured meant for the agent to substitute for a valid subsisting policy a second policy which the agent has no authority, from the second company, to substitute for the other policy.

We conclude that, under the facts of this case, the consent of Bain for the Security Company policy to be canceled, and the notice to him of such cancellation were not binding on Landamore; and therefore the attempted cancellation was ineffective.

The Security Company complains here of the allowance, in the judgment rendered by the Court of Civil Appeals, of interest, at the legal rate, from the date of the fire. The assignment of error complaining of this should be sustained. The policy provided for payment of the stipulated indemnity sixty days after proof of loss was received by the company. For this reason, interest did not begin to accrue on the claim until February 1, 1928, which was sixty days after proof of loss was filed with said company. Delaware Underwriters, etc., Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779. The judgment of the Court of Civil Appeals should be so reformed as to allow interest from the last-named date instead of from the date of the fire.

We recommend that the judgment of the Court of Civil Appeals be reformed in the respect noted, and, as so reformed, that it be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reformed, and, as reformed, is affirmed, as recommended by the Commission of Appeals.