## FIREMEN'S FUND INS. CO. v. FARRINGTON et al.
### No. 8943.

Court of Civil Appeals of Texas. San Antonio.

Dec. 7, 1932.

Rehearing Denied Jan. 18, 1933.

Thompson, Knight, Baker & Harris, W. C. Thompson, and Geo. S. Wright, all of Dallas, for appellant.

Johnson & Peden, of Houston, for appellees.

FLY, C. J.

This suit was brought by H. L. Farrington and Mrs. R. R. Le Master, to recover on a fire insurance policy issued by appellant to Farrington on a two-story frame building owned by him in the country near Goliad. Mrs. Le Master owned a mortgage on the house. The cause was submitted to a jury on one special

issue, to wit: "Was Joseph Wearden acting as the agent of the plaintiff, H. L. Farrington, when he delivered the fire insurance policy, issued by the defendant, to the J. M. Burns Company for cancellation on April 1, 1931?" which was answered in the negative. Upon that answer judgment was rendered in favor of appellees for $3,500, apportioned $3,000 to Mrs. Le Master and $500 to Farrington.

■ The facts show that a policy of insurance against fire, on a house owned by Farrington, was issued to appellees by the insurance company. Mrs. Le Master had a deed of trust on the property to secure her in a debt of $8,000 due by Farrington to her, and it was provided in the policy that, in case of loss by fire, the insurance was to be paid to Mrs. Le Master. The house was consumed by fire on April 2, 1931, and it appeared that on March 30, 1931, the insurance company had instructed the J. M. Burns Company, agents of the insurance company, to cancel the policy on the house. Wearden was the trustee in the deed of trust to Mrs. Le Master from Farrington. He had the policy in his possession, and, when notified that appellant desired to cancel Farrington's policy, he went to the agent of appellant and delivered the policy to him, with the understanding that another policy in another reputable insurance company was to be delivered to him. Wearden was the agent of Mrs. Le Master, but was not the agent of Farrington, and had no authority from him to surrender the policy for cancellation. No notice was ever given to Farrington, or any one representing him, that appellant, insurance company, desired or intended to cancel the policy. It was provided in the policy that, if a cancellation was desired, five days' notice should be given of such desire.

In a case much stronger as to agency than the facts as to agency in this case, it was held that one Bain was not the agent of the insured as to cancellation. The question was exhaustively discussed, and, although a writ of error was granted by the Supreme Court, it affirmed the judgment of this court, and reiterated its conclusions as to the question of agency. The writ was probably granted because this court overruled the decision of another Court of Civil Appeals. Gulf Ins. Co. v. Landamore, 22 S.W.(2d) 978, 979; same case by Commission of Appeals, Sec. Nat. Fire Ins. Co. v. Gulf Ins. Co., 41 S.W.(2d) 17. The jury correctly answered the issue, and, as that was the only issue, the court correctly rendered judgment for appellees.

■ The policy was issued to Farrington, and the agent of the mortgagee had no authority to bind the insured as to the policy. She had no authority over the policy, except as her interest might appear in case of a fire, and her interest could be destroyed at any

time by payment of her mortgage. If it be true, as contended by the insurance company, that appellant should not be held liable to Mrs. Le Master, it is not damaged by the judgment in her favor, because appellant was at least liable to Farrington in the full sum found against it, and Farrington alone could complain because a part of his judgment was given to some one else. Neither can appellant be heard to complain of a failure to furnish proof of loss, when it denied all liability. All of its propositions are overruled.

The judgment is affirmed.