## FARRINGTON et al. v. COMMERCIAL STANDARD INS. CO. et al.

### No. 9935.

Court of Civil Appeals of Texas. Galveston.

March 27, 1934.

Rehearing Denied May 4, 1934.

Frank S. Anderson, of Galveston and Williams, Lee, Sears & Kennerly and W. H. Blades, both of Houston, for appellant Security Nat. Fire Ins. Co.

W. M. Johnson and Robert F. Peden, both of Houston, for appellants H. L. Farrington and Mrs. R. R. Le Master.

King, Wood & Morrow and H. E. Cox, all of Houston, and W. Porter Bondies, of Dallas, for appellee Commercial Standard Ins. Co.

GRAVES, Justice.

The suit was brought by H. L. Farrington and Mrs. R. R. Le Master, widow, assured and mortgagee, respectively, severally against Commercial Standard Insurance Company and Security National Fire Insurance Company, insurers, for a fire loss under their two separate policies of fire insurance, each for $3,500 face value, one issued by each company, both policies covering the same risk. Plaintiffs, however, did not seek a double recovery, but a full recovery against one or the other of the defendants. Judgment was rendered for the plaintiffs for the full amount of $3,500, apportioned $500 to H. L. Farrington and $3,000 to Mrs. R. R. Le Master, together with interest, against the defendant Security National Fire Insurance Company, but that they take nothing against

the defendant Commercial Standard Insurance Company. From the judgment, defendant Security National Fire Insurance Company appeals, contending mainly that its policy had been duly canceled pursuant to notice according to its terms as to both claimants before the fire, and likewise the plaintiffs appeal, insisting, however, that the judgment below was correct and should be affirmed.

The cause is in its main features practically a counterpart of Firemen's Fund Ins. Co. v. Farrington et al. (Tex. Civ. App.) 55 S.W. (2d) 1076, 1077, having grown out of the same transactions and been tried on essentially the same controlling facts.

The appellant insurance company, following both its pleadings in and prosecution of the cause to that purport below, likewise contends on the appeal:

"1. That the uncontroverted evidence conclusively showed that Farrington and Mrs. Le Master each, through their agents, surrendered the policy of Security National Fire Insurance Company for cancellation and consented to such cancellation, and no judgment should have been rendered against it.

"2. That the uncontroverted evidence conclusively showed that Mrs. Le Master, through her agents, surrendered the policy of Security National Fire Insurance Company for cancellation as to her interest and consented thereto, and that if it should be held that the evidence did not conclusively show that Farrington also surrendered the said policy for cancellation as to his interest, such evidence, at least, raised an issue of fact as to whether he, through his agents, surrendered the said policy for cancellation as to his interest, and judgment should, therefore, be rendered that plaintiff, Mrs. Le Master, should take nothing against defendant, Security National Fire Insurance Company, and that said judgment and cause as to and between plaintiff Farrington and said defendant should be reversed and remanded.

"3. That if the evidence does not conclusively show that both plaintiffs surrendered the policy of Security National Fire Insurance Company for cancellation, or that at least Mrs. Le Master did, then the evidence was conflicting and raised issues of fact as to whether such policy was cancelled, and, therefore, said judgment and cause as to both plaintiffs and said defendant should be reversed and remanded.

"4. That, if the evidence conclusively shows that Farrington did not surrender and did not consent to the cancellation of the policy of the Security National Fire Insurance Company, it conclusively showed that Mrs. Le Master surrendered said policy and consented to its cancellation, and said judgment and cause should, therefore, be affirmed as to Farrington, and reversed and rendered as to Mrs. Le Master.

"5. That, if the evidence conclusively shows that Farrington did not surrender and consent to the cancellation of the Security National Fire Insurance Company's policy, and, if the evidence does not conclusively show that Mrs. Le Master surrendered said policy and consented to cancellation, that it was at least conflicting as to whether she surrendered said policy for cancellation, and, therefore, said judgment and cause should be affirmed as to Farrington, and reversed and remanded as to Mrs. Le Master.

"6. That whatever judgment plaintiffs may have been entitled to should have been against defendant, Commercial Standard Insurance Company, whose policy was substituted for that of Security National Fire Insurance Company, and such substitution was before the loss, and was ratified by plaintiffs and Commercial Standard Insurance Company."

Agreeing rather with the contrary conclusions of the learned trial court in first refusing appellant company's requests, primarily for peremptory instructions in its favor, and alternatively for submission of special issues to the jury, embodying in consecutive sequence its several quoted contentions, and then, upon the conclusion that no issues of fact as to any of them were raised by the evidence, withdrawing the cause from the jury and rendering the adverse judgment above described, this court overrules all these presentments and affirms the judgment so entered below.

█ Under the pleadings and the undisputed facts as declared and presented by the appellant company itself, the question of whether or not there had been a cancellation of the policy sued on was in turn wholly dependent upon whether or not either Burns & Co., the local insurance agents at Goliad, or Joseph Weardon, of the bank there, the one or the other, had been the agent of the assured Farrington, with authority from him to waive notice of such cancellation and to substitute the Commercial Standard's policy for that of the appellant company. As the San Antonio court properly held in the Firemen's Fund Case, cited supra, it was immaterial whether or not any one of the persons just named was the agent of the mortgagee,

Mrs. Le Master, for such a purpose, because the policy had been issued to Farrington, he being the assured thereunder; hence no agent of hers could bind him in relation to it. As that court further pertinently determines: "She had no authority over the policy, except as her interest might appear in case of a fire, and her interest could be destroyed at any time by payment of her mortgage. If it be true, as contended by the insurance company, that appellant should not be held liable to Mrs. Le Master, it is not damaged by the judgment in her favor, because appellant was at least liable to Farrington in the full sum found against it, and Farrington alone could complain because a part of his judgment was given to some one else. Neither can appellant be heard to complain of a failure to furnish proof of loss, when it denied all liability." Other authorities to the same effect are Phœnix Ins. Co. v. American Trust & Sav. Bank (Tex. Civ. App.) 248 S. W. 819; Connecticut Ins. Co. v. Caummisar et al., 218 Ky. 378, 291 S. W. 776; Glasscock v. Liverpool, London & Globe Ins. Co. (Tex. Civ. App.) 188 S. W. 281.

By the terms of the Security Company's policy herein sued upon, as well as of the assured Farrington's instructions to Burns & Co., its issuing agents, not only was the insurance to be for himself as the insurer at his expense, with merely a loss payable clause in favor of Mrs. Le Master as mortgagee only to the extent of her interest, but it was to be for an aggregate amount of $10,000, and to run for one year; there being no agreement nor understanding for that agency to have authority to either keep his property insured thereafter or to accept a cancellation of it for him without his knowledge or consent, and without notice to him. Since this state of things appears partly from the face of the policy itself and partly from the uncontroverted testimony as to the dealings between the parties, it, as a matter of law, distinguishes this case from those relied upon by the Security Company, such as Dalton v. Norwich Union Fire Ins. Soc. (Tex. Com. App.) 213 S. W. 230; National Fire Ins. Co. v. Oliver (Tex. Civ. App.) 204 S. W. 367; Great American Ins. Co. v. Ray & Son (Tex. Com. App.) 15 S.W.(2d) 223; Security National Fire Ins. Co. v. Gulf Ins. Co. (Tex. Com. App.) 41 S.W.(2d) 17; and Hanover Fire Ins. Co. v. Turner (Tex. Civ. App.) 147 S. W. 625. Rather, in the absence of instructions from the assured here to not only insure his property in the first instance but to keep it insured, as was the state of fact dominating the cases just referred to, this case is ruled by such holdings as East Texas Fire Ins. Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Alliance Insurance Co. v. Continental Gin Co. (Tex. Com. App.) 285 S. W. 257, and Gulf Ins. Co. v. Beckville Rural High School Dist. (Tex. Civ. App.) 38 S.W.(2d) 828. There being no such instructions in this instance, although he left to the discretion of the agency merely the choice of the company or companies in which the total of his insurance would be placed, Farrington only requested the agency to procure the coverage in the first instance, not to keep the property insured.

Furthermore, by the terms of this policy itself, Mrs. Le Master was not only, upon its face, restricted to the position of a mere mortgagee, with protection only to the extent of her interest as it might appear at any particular stage, but she was further therein expressly denied any right to insure the property herself, except in case the assured Farrington had failed to do so, which contingency never happened.

Since this record contains the fully detailed testimony of all the witnesses as to just what transpired between these parties, this court is clear in the conclusion that the able trial court was correct in finding that it conclusively, if not undisputedly, appeared therefrom that neither Burns & Co. nor Joseph Weardon were the agents of the assured Farrington as respects the attempted cancellation of the Security Company's policy and the substitution in its place of that issued by the appellee; wherefore it likewise appearing, and presumptively having been so found below, that no notice either of such attempted cancellation or substitution had ever been given to the assured Farrington prior to the fire, the Security Company's policy was never canceled, nor did that of the appellee become effective. Alliance Insurance Co. v. Continental Gin Co. (Tex. Com. App.) 285 S. W. 257; Gulf Insurance Co. v. Beckville Rural High School District (Tex. Civ. App.) 38 S.W.(2d) 828; East Texas Fire Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Connecticut Insurance Co. v. Caummisar et al., 218 Ky. 378, 291 S. W. 776; Phœnix Ins. Co. v. American Trust & Savings Bank (Tex. Civ. App.) 248 S. W. 819; Firemen's Fund Insurance Co. v. Farrington et al. (Tex. Civ. App.) 55 S.W.(2d) 1076.

Hall v. Miller, 268 S. W. 268, opinion by this court, is distinguishable in that the mortgagee there accepted cancellation of a first

policy, he himself taking out a second one, and, after the latter had been paid in full by the company issuing it, sought to hold the first company on the policy it had issued. This court held that, as between the assured and the initial company, there had been no cancellation of the first policy; hence she would have been permitted to recover the full amount thereof from that company but for the fact that what she owed the mortgagee had been paid through the collection of the second policy taken out by the latter.

If the appellee here had accepted liability under its policy so attempted to be substituted for that of the appellant company, and had paid to Mrs. Le Master, the mortgagee in this instance, her loss of $3,000, then the principle of Hall v. Miller would have applied, since Farrington in those circumstances could not have again recovered what had thus already been paid in his behalf and for his account.

■ So that, we conclude, a mere mortgagee in a policy of insurance cannot, without the knowledge or consent of the assured, the principal party on one side of the original contract of insurance, release the insurance company from its liability under that policy, and rewrite the insurance in a different company in such manner as to bind the assured, nolens volens, on his part.

In view of the overwhelming showing in the record as a whole that Weardon was not acting as the agent of the assured Farrington in any respect, the bringing out on cross-examination of him as a witness a statement to the effect that he "guessed" he must have previously during the trial, in answer to inquiries touching that subject, made the statement: "Well, Mr. Weardon was taking care of that end of it for me and I left that up to Mr. Weardon to take care of it for me, and then Mr. Weardon had the policy. I figured it ought to be all right because he is the man who held the policies and the only man that ever did see it"—does not in our opinion in the circumstances raise an issue of fact to the contrary. This testimony is not in the record against the appellee here, having been excluded as to it by the trial court on objection; furthermore, it was offered as in impeachment of Mr. Farrington's prior evidence, but he was not interrogated on the trial as to whether or not the statement was true, nor did he testify that it was; wherefore his mere "guess" that he had made it was insufficient to raise an issue of fact on the question of any agency of Weardon for him in the face of the volume of direct evidence throughout the record otherwise that none such at any time existed.

Appellant company's further contention that no proof of loss nor claim on account thereof was rendered to it within the ninety-one days after the fire, required by the terms of its policy, is abortive, for the reason that it denied all liability; hence, as the San Antonio court determined in the companion case of Firemen's Fund Co., supra, it was in no condition to complain on that account.

The affirmance has accordingly already been entered.

Affirmed.

### On Motion for Rehearing.

■ The briefs and arguments of able counsel in support of appellant Security National Company's motion for rehearing have all been carefully considered, but this court is constrained to adhere to its former disposition of the cause as having been correct. Perhaps it would have been better, however, had it then written further to this extent on appellant's reiterated contention now to the effect that any recovery against it on its policy was waived through the failure of the parties to furnish it proof of loss from the fire thereunder within ninety days after it occurred. The undisputed facts on that feature, in so far as material, were these:

No five days' notice of intention to cancel the policy, as provided in the face thereof, was given either party in advance of the letter appellant wrote in March to its agents at Goliad, which it contends accomplished the cancellation claimed; further, the assured Farrington was never at any time given notice, nor did he acquire knowledge, of the fact that such policy ever existed, until his attorneys discovered that fact in November of 1931 following the occurrence of the fire on April 1st of 1931, whereupon, in response to advice to it from them that they had heard about its having issued its policy, the company wrote the attorneys denying all liability under the policy in suit upon the specific ground that it had been canceled prior to the fire. Inasmuch as the building and its contents covered by this policy constituted fixtures upon the property and were totally destroyed, nothing whatever of any value remaining, under R. S. article 4929, appellants' policy therefore became a liquidated demand against it as appertaining to real property, and no proof of loss was necessary, the different rule insisted upon by the appellant not being applicable in the circumstances. Article 4929, Vernon's Annotated Civil Statutes;

340

Export Ins. Co. v. Axe (Tex. Com. App.) 58 S.W.(2d) 39; Security Ins. Co. v. Vines (Tex. Civ. App.) 48 S.W.(2d) 1017.

Further discussion being deemed unnecessary, the motion will be overruled.

Overruled.

PLEASANTS, C. J., dissents.