**TRADERS & GENERAL INSURANCE COMPANY, Appellant,**

v.

**Clyde E. SMITH, Appellee.**

**No. 5000.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 24, 1955.

Rehearing Denied March 16, 1955.

Keith, Mehaffey & McNicholas, Beaumont, for appellant.

Frank M. Lamson, Fred A. White, Pt. Arthur, for appellee.

PER CURIAM.

Clyde E. Smith, appellee, sued Traders and General Insurance Company, appellant, upon a policy of insurance on his automobile. Sun Loan and Discount Company was also made a defendant in the suit, on allegations of fraud and misrepresentations to appellee by it. The case was tried to a jury and all parties moved for instructed verdict. The trial court instructed a verdict for Sun Loan and Discount Company, and also instructed a verdict for Smith against appellant. The damages were stipulated to be $900, and judgment was rendered on the stipulation and verdict.

Smith secured a loan from Sun Loan and Discount Company, secured by a chattel

mortgage on his car. Sun Loan and Discount Company secured the automobile insurance from appellant's local agent, insuring the car against loss by fire, theft and collision, ($50 deductible), with loss payable to Sun Loan as mortgagee, as its interest might appear. Sun kept the insurance policy with its loan papers. Smith paid for the insurance, the amount of the premium being included in the note he paid. He paid off his indebtedness to Sun, and Sun mailed the policy to appellant's agent for cancellation and credit to itself of the amount receivable for the balance of the term of the insurance policy. Smith knew nothing of such cancellation, and thought his policy was still in effect. The policy contained the following provision as to cancellation:

, "The policy may be cancelled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective * * *."

It is under this section of the policy that appellant defends its suit, and says that Sun Loan and Discount Company was Smith's agent, with authority or apparent authority to surrender the policy for cancellation.

. The fact that the manager of Sun Loan procured the insurance for the protection of the company's security and kept the policy in its possession, raises no issue of authority or apparent authority of Sun Loan to cancel the insurance for Smith. Its interest in the whole transaction ceased when Smith paid off his loan. Appellant had no right in law to assume such authority had been granted to the mortgagee, and ignore the rights of its assured.

Appellant's agent relied on nothing Smith said or did in assuming apparent authority existed in Sun Loan and Discount Company. It acted purely on that company's request, and the fact that the insurance policy was physically surrendered by Sun Loan with the request for cancellation and credit. This was not sufficient to show apparent authority. Firemen's Fund Ins. Co. v. Farrington, Tex.Civ.App., 55 S.W.2d 1076; Farrington v. Commercial Standard Ins. Co., Tex.Civ.App., 71 S.W.2d 336; East

Texas Fire Ins. Co. v. Blum, 76 Tex. 653, 13 S.W. 572.

We think the trial court's judgment and action were correct, and its judgment is affirmed.